# ATTACHMENT 13

woman approached appellant, spoke briefly to him, and pulled out money. Appellant then reached into his right sock. Based on his training and experience, Detective Wilson believed that a drug transaction was occurring.

At that point, and prior to any distribution of drugs, Detectives Wilson and Carrington approached appellant. Detective Wilson testified that Detective Carrington searched appellant and recovered 13 ziploc bags of cocaine from appellant's right sock.

Detective Carrington then testified. His testimony corroborated that of Detective Wilson.

The State argued that the detectives' observations, coupled with Detective Wilson's expertise in the sale of narcotics, provided sufficient probable cause to arrest appellant, and the ensuing search of appellant was proper as a search incident to a lawful arrest. Defense counsel argued that the drugs should be suppressed, attacking the credibility of the detectives'     testimony, stating that the detectives never actually saw any drugs before searching the appellant, and questioning whether the unidentified man or woman actually existed.[2]

The trial court denied appellant's motion to suppress, finding that the detectives had probable cause to believe that appellant had drugs in his sock. The court noted that the detectives saw the woman ask for "ready," approach appellant and take her currency out of her purse, and appellant then go for his sock. The court stated that "[u]nseen or unknown objects exchanged for currency constitutes probable cause."

## II.

## Trial Proceedings

On July 9, 2009, trial began. The State's first witness was Hondge Pan, a chemist. Mr. Pan testified that he tested the substance seized from appellant in the ziploc bags, and he determined that it was cocaine. During cross-examination, defense counsel inquired as to whether the ziploc bags had been submitted for fingerprint analysis, and Mr. Pan stated that he did not know, that it was "not my work."

Defense counsel pressed Mr. Pan on his knowledge regarding whether drugs were typically dusted for fingerprints. Counsel inquired about the precautions Mr. Pan took to ensure that his fingerprints would not be on the ziploc bags should a fingerprint analysis be conducted after Mr. Pan analyzed the bags' contents. Appellant's counsel also inquired whether Mr. Pan had seen items submitted for analysis that had fingerprint dust on them. Mr. Pan stated: "Occasionally. Not much." He acknowledged that the black powder could be seen by looking at the submission, and he said: "There's no black powder in this case."

Detective Wilson testified next, and he was accepted as an expert in the "identification, packaging and sale of cocaine within Baltimore City." He testified regarding how cocaine is packaged, explaining that it is packaged in, among other things, ziploc bags. Detective Wilson then explained how a typical narcotics transaction occurs. A drug dealer would have the drugs on his or her person or in a stash. A person seeking to buy drugs would approach the drug dealer, engage in a brief conversation, give the dealer money, and the dealer would give the buyer drugs.

Detective Wilson then testified, consistent with his testimony at the suppression hearing, regarding the events of July 30, 2008. He also testified that, based on his training and experience, the quantity of cocaine appellant possessed led him to believe that appellant possessed the drugs for the purposes of selling them.

On cross-examination, counsel for appellant challenged the veracity of Detective Wilson's account of events. Counsel asked Detective Wilson about his testimony in another case, where his credibility had been questioned:

> [DEFENSE COUNSEL]: Detective Wilson, you had the uncomfortable experience some years ago, 2003, of being, testifying in front of Andre Davis in Federal Court, the conclusion of which, Judge Andre Davis basically declared that he didn't believe your testimony . . . Judge Davis declared basically, "I find

> the (unintelligible) of the Affidavit to be a knowing lie. I also find the use of the term 'in a covert position' to be a knowing lie. I also find the assertion [that] of        the unknown subject fled the area on foot to be a knowing lie. Wilson received an anonymous call, I find Detective Wilson's testimony in that regard incredible. The government has not established it. It rejected it. I reject that testimony. I do not find it credible. I don't believe Detective Wilson saw what he claims he saw. I reject that testimony. I don't find it credible. . . ."
>
> "Specifically, I find there's no way that Detective Wilson could have made the observations he claims he made. I've assessed the demeanor of Detective Wilson. I've listened carefully to his testimony and, indeed, I've engaged in pressuring Detective Wilson in an effort not to impeach or undermine the governmen'ts [sic] presentation, but to satisfy in my own mind, as the finder of fact in the suppression hearing, how it could be that a narrative so implausible, and so implausible and incredibly presented might be accepted by the Court. Frankly, I don't mean this as criticism, but . . . the State's Attorney argument today, shed some light," dah-dah-dah-dah-dah.
>
> Do you recall the uncomfortable experience?

Detective Wilson testified that he recalled the case, and counsel for appellant continued with this line of questioning as follows:

> [DEFENSE COUNSEL]: The matter resulted in your being called in front of the [Internal Affairs Division] and disciplined and given five days extra training, did it not?
>
> [DETECTIVE WILSON]: It wasn't extra training. It was one day search and seizure training.
>
> [DEFENSE COUNSEL]: Search and seizure. Court's indulgence. I stand corrected, five days loss of leave and search and seizure training from neglect of duty, is that fair to say?
>
> [DETECTIVE WILSON]: That's correct.

Defense counsel then questioned Detective Wilson about his failure to gather evidence in this case to corroborate his account of events. He asked Detective Wilson whether he "could have made this all up."

On redirect, the State asked Detective Wilson to explain the discrepancies in his statements in federal court. With respect to the affidavit that he signed, Detective Wilson explained that he had used incorrect grammar and misspelled words. Additionally, he had stated that an incident occurred in the first week of October, when it actually had occurred on October 9th, and he stated that he took a covert position when he was engaging in on-foot surveillance. Detective Wilson suggested that the "knowing lies" to which Judge Davis referred "could be characterized as misconceptions, misunderstandings." Detective Wilson testified that he did not receive any demotion or reassignment as a result of the 2003 case. With respect to the July 30, 2008, incident in this case, Detective Wilson testified that he was telling the truth, and he had not fabricated his testimony.

On re-cross, counsel for appellant again questioned Detective Wilson regarding Judge Davis' characterization of his affidavit as a "blatant lie," and he questioned whether "grammatical confusion" would result in Detective Wilson losing five days of pay. Detective Wilson acknowledged that he "did lose money. I did lose time."

The State's next witness was Detective Isaac Carrington, who was also accepted as an expert in the "identification, packaging, and the sale of narcotics in Baltimore City." Detective Carrington's testimony with respect to the events leading up to        appellant's arrest on July 30, 2008, was consistent with his testimony at the suppression hearing. He also confirmed the chain of custody of the 13 ziploc bags of cocaine recovered from the appellant. The drugs then were admitted into evidence.

On cross-examination, appellant's counsel questioned Detective Carrington about the unknown male and female, noting that they were not arrested and suggesting that they did not exist. After asking Detective Carrington for details



STATE'S ATTORNEY  
Gregg L. Bernstein

OFFICE of the STATE'S ATTORNEY for BALTIMORE CITY  
120 East Baltimore Street  Baltimore, Maryland 21202

DIRECT DIAL

To: Robert L. Smith, Jr.

Phone: (410) 244-1222; (410) 554-9022

**Fax: (410) 554-9024**

From: Shelly S. Glenn, Assistant State's Attorney

RE: State v. Thomas Wilson, Case #213324002  
    May 12, 2014 at 9:00am

Dear Mr. Smith—  
Please see attached and kindly advise as to whether you will accept service for either Mr Foster, father or son, or both.  
I would be happy to speak with either of the Foster's to answer any questions they may have regarding testimony, scheduling, etc  
I can be reached at 443-984-6074

| | | |
|---|---|---|
| STATE OF MARYLAND | * | IN THE |
| V. | * | CIRCUIT COURT |
| THOMAS WILSON | * | FOR |
| CASE NO.: 213324002 | * | BALTIMORE CITY |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### STATE'S INITIAL DISCLOSURES, NOTICES, AND MOTIONS

The State of Maryland, by and through Gregg L. Bernstein, State's Attorney for Baltimore City, and Shelly S. Glenn (#303551), Assistant State's Attorney for Baltimore City, and pursuant to Maryland Rules 4-263 and 4-252, hereby makes the following initial disclosures, notices, and motions:

**A.  STATE'S INITIAL DISCLOSURES.**

The State, reserving its right to supplement and revise these initial disclosures, discloses the following pursuant to Rule 4-263(d):[1]

1.  Statements Pursuant to Rule 4-263(d)(1).

    All written and all oral statements of Defendant and of any co-defendant that relate to the offense charged, and all material and information, including documents and recordings, that relate to the acquisition of such statements, are noted below and/or provided pursuant to Rule 4-263(k)(2).

    ☐ Defendant did not make an oral or written statement to a State agent that is known to the State at this time;

    ☐ Defendant did make a written statement;

    ☒ Defendant did make an oral statement;
       Summarized in Memo of ASA Asha Jefferson

    ☐ Co-defendant(s) did not make an oral or written statement to a State agent that is known to the State at this time;

    ☐ Co-defendant(s)     did make a written statement;

    ☐ Co-defendant(s)     did make an oral statement.

2.  Criminal Record Pursuant to Rule 4-263(d)(2).

    All prior criminal convictions, pending charges, and/or probationary statuses of Defendant and of any co-defendant are noted below and/or provided pursuant to Rule 4-263(k)(2).

---



[1] If not otherwise noted, all material and information is provided pursuant to Rule 4-263(k)(2) – *i.e.*, such material and information is attached to Defendant's copy of these Initial Disclosures, Notices, and Motions, but will not be attached to the copy of the same filed with the Court.

1

*Witness Thomas Foster (DOB 8/14/86) criminal conviction provided in discovery packet*

3. State's Witnesses Pursuant to Rule 4-263(d)(3).

The witnesses for the State are those listed in the charging documents, any report(s) attached thereto, and/or anyone mentioned in any document(s) attached to the State's disclosures. Additional witnesses, if any, are listed below.[2] Any address of a State's witness that is not listed below is being requested to be withheld pursuant to Rule 4-263(d)(3), Rule 16-1009(b), and Md. Code Ann. Crim. Proc. § 11-205. Additionally, all written statements of witnesses that relate to the offense charged are noted below, located in the charging documents or any report(s) attached thereto, and/or provided pursuant to Rule 4-263(k)(2).

| NAME OF WITNESS | ADDRESS |
| --- | --- |
| Asha Jefferson | Office of the State's Attorney For Baltimore City 120 E. Baltimorem St., 9th FL |
| Off. Gregory Fisher | Baltimore City Polic Dept. S.E.S. Eastside Zone 242 W. 29th St. |
| Thomas Foster (Father) | 5611 Wilvan Ave. |
| Thomas Foster (Son) | 5611 Wilvan Ave. |
| Agt. William Nickels (Ret'd) | F.B.I - Field Office 2600 Lord Baltimore Dr. |
| Det. Michelle Bolden | Baltimore City Police Dept. Internal Affairs Division 2524 Kirk Ave. |
| Judge Michael Reed | Circuit Court for Baltimore City 111 N. Calvert Street, Rm C-3 |

4. Prior Conduct Pursuant to Rule 4-263(d)(4).

All evidence of other crimes, wrongs, or acts committed by Defendant that the State intends to offer at a hearing or at trial pursuant to Rule 5-404(b) is noted below and/or provided pursuant to Rule 4-263(k)(2). The State hereby provides notice of its intent to offer and use such evidence at a hearing or trial in this case.

5. Exculpatory Information Pursuant to Rule 4-263(d)(5).

All material or information in any form, whether or not admissible, that tends to exculpate Defendant or negate or mitigate Defendant's guilt or punishment as to the offense charged is noted below and/or provided pursuant to Rule 4-263(k)(2).

---

[2] As discussed *infra*, any disclosed witness affiliated with law enforcement – *e.g.*, police officers, firearms examiners, latent-print examiners, chemists, etc. – may be called as expert witnesses in their respective fields.

2

6. <u>Impeachment Information Pursuant to Rule 4-263(d)(6).</u>

All material or information in any form, whether or not admissible, that tends to impeach a State's witness is noted below and/or provided pursuant to Rule 4-263(k)(2). Such material or information includes:

☐ Evidence of prior conduct to show the character of the witness for untruthfulness pursuant to Rule 5-608(b);

☒ A relationship between the State and a witness, including the nature and circumstances of any agreement, understanding, or representation that may constitute an inducement for the cooperation or testimony of a witness;
    *Witness Thomas Foster (DOB 8/14/86) was given immunity for his testimony before the grand jury (immunity letter provided in discovery, Bates No. 159).*

☒ Prior criminal convictions, probation before judgments, pending charges, and/or probationary statuses of a State's witness that may be used to impeach, if the State knows or has reason to believe that a witness has a criminal record;
    *Witness Thomas Foster (DOB 8/14/86) criminal conviction in discovrery packet.*

☐ Oral statements of a State's witness, not otherwise memorialized, that are materially inconsistent with another statement made by the witness or with a statement made by another witness;

☐ Medical or psychiatric conditions or addictions of a State's witness that may impair the ability of the witness to testify truthfully or accurately, if the State has information that reasonably would lead to a belief that an inquiry would result in discovering a condition that may impair the witness's ability to testify truthfully or accurately;

☐ The fact that a State's witness has taken but did not pass a polygraph examination; and

☒ The failure of a State's witness to identify Defendant or any co-defendant.

7. <u>Searches, Seizures, Surveillance, and Pretrial Identifications Pursuant to Rule 4-263(d)(7).</u>

All relevant material or information regarding specific searches and seizures, eavesdropping, electronic surveillance including wiretaps, and any pretrial identification(s) of Defendant by a State's witness, are noted below and/or provided pursuant to Rule 4-263(k)(2). Such material or information in this case includes:

☐ Search and seizure warrant(s), eavesdropping, or electronic surveillance including wiretaps.

☐ Pretrial identification(s) of Defendant as described below:

3

8. <u>Reports and/or Statements of Experts Pursuant to Rule 4-263(d)(8).</u>

All requisite information, including the name and address of the expert, the subject matter of the consultation, the substance of the expert's findings and opinions, a summary of the grounds for each opinion, and the substance of any oral report or conclusion by the expert, for any expert consulted by the State in connection with this case is noted below and/or provided pursuant to Rule 4-263(k)(2). The State also hereby provides Defendant or Defendant's counsel the opportunity to inspect and copy all written reports or statements made in connection with the case by the expert, including the results of any physical or mental examination, scientific test, experiment, or comparison.

☐ *Law enforcement experts:* The State gives notice to Defendant of its intent to call all of the police officers, firearms examiners, latent-print examiners, and chemists (if a demand for the chemist is timely made) disclosed as witnesses in this case to testify as experts in their respective fields. Any police officers called as witnesses will testify as experts in the identification, packaging, and distribution of controlled dangerous substances; experts in the detection of intoxicated motor vehicle operators; experts in gangs and gang activity; and/or experts in the detection and characteristics of armed persons. Any firearms examiners called as witnesses will testify as experts in the identification, functioning, and operability of firearms and ammunition. Any latent-print examiners called as witnesses will testify as experts in the recovery, analysis, comparison, and identification of latent prints. Any chemists called as witnesses will testify as experts in the identification and analysis of controlled dangerous substances. A copy of the Chemical Analysis and Chain of Custody, which the State intends to introduce at trial without the presence of the chemist pursuant to Md. Code Ann. Cts. & Jud. Proc. § 10-1003, is hereby provided pursuant to Rule 4-263(k)(2) or will be provided to Defendant upon receipt by the State.

☒ *Other experts:* The State has consulted with one or more other expert witnesses in connection with this case. The requisite information concerning such expert and his or her reports or statements is noted below and/or provided pursuant to Rule 4-263(k)(2).

   ☐ Medical expert;

   ☐ DNA expert;

   ☐ Toolmark identification expert;

   ☒ Other: Forensic Analysis of video footage by FBI

9. <u>Evidence for Use at Trial Pursuant to Rule 4-263(d)(9).</u>

Defendant, upon reasonable notice to the undersigned, may inspect, copy, and photograph all documents, computer-generated evidence, recordings, photographs, or other tangible things that the State intends to use at a hearing or trial in this case. Such evidence in this case includes:

☐ Medical records and/or business records;

☒ DVD-Rom(s), CD-Rom(s), or other electronic or audio files;

☐ Aerial photographs, maps, or other illustrations;

4

☐   Other: True test copy of Search Warrant.

10.  Property of Defendant Pursuant to Rule 4-263(d)(10).

Defendant, upon reasonable notice to the undersigned, is entitled to the opportunity to inspect, copy, and photograph all items obtained from or belonging to Defendant, whether or not the State intends to use the item at a hearing or trial in this case.

**B.   STATE'S INITIAL NOTICES.**

The State, pursuant to its pre-trial and discovery protocols and procedures, hereby gives notice of the following:

1.   State's Open File Policy.

   Upon reasonable notice to the undersigned, Defendant or Defendant's Counsel may inspect and review the State's file at a mutually convenient time and at least 14 days before trial. All materials within the State's possession will be made available for this review except:

   a)   work product of the State and its attorneys;

   b)   information that is confidential by law;

   c)   witness information sheets and other references to the personal identifying information of witnesses and non-witnesses (*e.g.*, Social Security numbers, family background information, etc.), except for what is required by Rule 4-263;

   d)   information about the targets or particulars of any ongoing investigation unrelated to the instant case. The State shall disclose that a witness has provided information about unrelated persons or events, but the State shall neither confirm nor deny the existence of an investigation;

   e)   any information subject to a protective order issued by a Court;

   f)   any witness's address or telephone number withheld pursuant to Md. Code Ann., Crim. Proc. § 11-205 and Rule 4-263;

   g)   the identity of witnesses who will not be called to testify for the State where disclosure may endanger their safety or violate a promise of confidentiality. The State will permit inspection of the witness's statements or a summary of the statements, including any identifications made by the witness;

   h)   confidential medical records, except for what is required by Rule 4-263.

2.   Notice of Intent to Introduce Business and/or Public Records.

   The State hereby gives notice to Defendant, pursuant to Maryland Rules 5-902 and 5-803, of its intent to introduce into evidence, without testimony from the Custodian of Records, the following types of certified records in its possession:

   ☐   Records of regularly conducted business activity;

5

☒ Public records;

☐ None.

To the extent such notice is given, the records and required certifications are noted below and/or provided pursuant to Rule 4-263(k)(2).

3. The State hereby ☐ does; ☐ does not; provide notice that Defendant in this case had a prior conviction that is an element of at least one of the charges in this case. Should Defendant decide not to stipulate to the use of a true test copy to prove the prior conviction, the State intends to call a representative of the Baltimore City Police Department's identification unit to do an in-court comparison of fingerprint records. That representative will be called as an expert witness.

4. The State hereby ☐ does; ☐ does not; provide notice that more than five years has elapsed since Defendant has completed serving a sentence for the most recent of his or her convictions that disqualifies Defendant from possessing a regulated firearm under Md. Code Ann., Public Safety § 5-133(c). The State hereby ☐ does; ☐ does not; provide notice of its intention to seek the mandatory minimum sentence allowed under Md. Code Ann., Public Safety § 5-133(c).

5. Notice of Defendant's Obligations Pursuant to Rule 4-263(e).

The State, reserving its right to make other additional requests, respectfully notes Defendant's obligation to provide all information delineated in Rule 4-263(e).

6. Notice of Discovery Compliance Pursuant to Rule 4-263(k).

In accordance with Rule 4-263(k)(2), the State hereby gives notice to the Court that, on the date and via the method of service stated in the Certificate of Service below, it served on Defendant or Defendant's Counsel the following: (1) a copy of these Initial Disclosures, Notices, and Motions; (2) the attached Index of Information Produced in Discovery; and (3) all documents and materials described in the Initial Disclosures, Notices, and Motions and in the attached Index.

Pursuant to Rule 4-263(k)(4), the State notes that it has filed a copy of these Initial Disclosures, Notices, and Motions, as well as the attached Index of Information Produced in Discovery, with the Clerk of Court, Criminal Division, in the Circuit Court for Baltimore City. Also pursuant to Rule 4-263(k)(4), the State further notes that the documents and materials described in the Initial Disclosures, Notices, and Motions and in the attached Index, although served on Defendant or Defendant's Counsel, are not being filed with the Court.

C. **STATE'S INITIAL MOTIONS.**

The State, reserving its right to supplement or revise the following, hereby files the following motions:

1. Motion for Joinder/Severance.

   The State respectfully moves pursuant to Rule 4-253 that the following charge(s), all, and/or defendant(s),    , be:

   ☐ Joined for trial;

6

☐　　Severed and tried separately; or

☒　　No such motion is hereby filed.

Statement of Authorities
*Harper v. State*, 162 Md. App. 55, 873 A.2d 395 (2005);
*Conyers v. State*, 345 Md. 525, 693 A.2d 781 (1997);
*Solomon v. State*, 101 Md. App. 331, 646 A.2d 1064 (1994); and
*Tichnell v. State*, 287 Md. 695, 415 A.2d 830 (1980).

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　Gregg L. Bernstein
　　　　　　　　　　　　　　　　State's Attorney for Baltimore City

　　　　　　　　　　　　　　　　*/s/ Shelly S. Glenn*
　　　　　　　　　　　　　　　　Shelly S. Glenn (#303551)
　　　　　　　　　　　　　　　　Assistant State's Attorney
　　　　　　　　　　　　　　　　Office of the State's Attorney for Baltimore City
　　　　　　　　　　　　　　　　120 E. Baltimore Street, 9th Floor
　　　　　　　　　　　　　　　　Baltimore, Maryland 21202
　　　　　　　　　　　　　　　　(443) 984-6074 (telephone)
　　　　　　　　　　　　　　　　(443) 984-6259 (facsimile)
　　　　　　　　　　　　　　　　*sglenn@stattorney.org*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January, 2014, a copy of 1) these Initial Disclosures, Notices, and Motions; (2) the attached Index of Information Produced in Discovery; and (3) all documents and materials

7

CC-155

# CIRCUIT COURT FOR BALTIMORE CITY

CALVERT & FAYETTE STS.
BALTIMORE, MD. 21202

CASE NO. 8/332 4002

STATE OF MARYLAND
vs.
Thomas Wilson

IN PART _____ ROOM _____ CLARENCE M. MITCHELL, JR. COURTHOUSE

IN PART  II  ROOM 228 COURT HOUSE EAST

WITNESS FOR STATE ☒ DEFENSE ☐  AT 9AM  ON May 12, 2014

RECEIVED BY _____ DATE _____

Thomas R. Foster
5611 Wilvan Ave
Balto, MD 21207

YOU ARE HEREBY SUMMONED TO APPEAR IN COURT DAILY UNTIL DULY DISCHARGED. FAILURE TO APPEAR ON TIME MAY CAUSE YOU TO BE CHARGED WITH CONTEMPT OF COURT OR A WARRANT TO BE ISSUED FOR YOUR ARREST.

BRING THIS SUMMONS WITH YOU TO COURT.

BY ORDER OF COURT

Frank M. Conaway
CLERK, CIRCUIT COURT FOR BALTIMORE CITY

DATE ISSUED _____

MARYLAND RELAY SERVICE VOICE 1-800-735-2258

# CIRCUIT COURT FOR BALTIMORE CITY

CALVERT & FAYETTE STS.
BALTIMORE, MD. 21202

CASE NO. 8/332 4002

STATE OF MARYLAND
vs.
Thomas Wilson

IN PART _____ ROOM _____ CLARENCE M. MITCHELL, JR. COURTHOUSE

IN PART II ROOM 228 COURT HOUSE EAST

WITNESS FOR STATE ☒ DEFENSE ☐ AT 9AM ON May 12, 2014

RECEIVED BY _____ DATE _____

Thomas R. Foster
5611 Wilvan Ave
Balto, MD 21207

YOU ARE HEREBY SUMMONED TO APPEAR IN COURT DAILY UNTIL DULY DISCHARGED. FAILURE TO APPEAR ON TIME MAY CAUSE YOU TO BE CHARGED WITH CONTEMPT OF COURT OR A WARRANT TO BE ISSUED FOR YOUR ARREST.
BRING THIS SUMMONS WITH YOU TO COURT.
BY ORDER OF COURT

Frank M. Conaway
CLERK, CIRCUIT COURT FOR BALTIMORE CITY

DATE ISSUED _____

MARYLAND RELAY SERVICE VOICE 1-800-735-2258

CC-155

# CIRCUIT COURT FOR BALTIMORE CITY
CALVERT & FAYETTE STS.
BALTIMORE, MD. 21202

CASE NO. 213524002

STATE OF MARYLAND

Thomas vs Wilson

IN PART _____ ROOM _____ CLARENCE M. MITCHELL, JR. COURTHOUSE

IN PART  11  ROOM 228 COURT HOUSE EAST

WITNESS FOR STATE ☒ DEFENSE ☐ AT 9AM ON Monday May 12

RECEIVED BY _____ DATE _____

Thomas D. Foster
5611 Wilvan Ave
Balto, MD 21207

DATE ISSUED 5/6/14

YOU ARE HEREBY SUMMONED TO APPEAR IN COURT DAILY UNTIL DULY DISCHARGED. FAILURE TO APPEAR ON TIME MAY CAUSE YOU TO BE CHARGED WITH CONTEMPT OF COURT OR A WARRANT TO BE ISSUED FOR YOUR ARREST. BRING THIS SUMMONS WITH YOU TO COURT.
BY ORDER OF COURT

Frank M. Conaway
CLERK, CIRCUIT COURT FOR BALTIMORE CITY

MARYLAND RELAY SERVICE VOICE 1-800-735-2258

STATE'S ATTORNEY
Gregg L. Bernstein



OFFICE of the STATE'S ATTORNEY for BALTIMORE CITY
120 East Baltimore Street   Baltimore, Maryland 21202

DIRECT DIAL

To: Robert L. Smith, Jr.

Phone: (410) 244-1222; (410) 554-9022

**Fax: (410) 554-9024**

From: Shelly S. Glenn, Assistant State's Attorney

RE: State v. Thomas Wilson, Case #213324002
 May 12, 2014 at 9:00am

Dear Mr. Smith—
Please see attached and kindly advise as to whether you will accept service for either Mr Foster, father or son, or both.
I would be happy to speak with either of the Foster's to answer any questions they may have regarding testimony, scheduling, etc
I can be reached at 443-984-6074