## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| **THOMAS ROBERT FOSTER, ET AL.** | * |
|     **Plaintiffs** | * |
| | * |
|     **v.** | *  **Civil No: 1:13-03758** |
| | * |
| **POLICE OFFICER THOMAS E. WILSON, ET AL.** | * |
|     **Defendants** | * |
| | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### PLAINTIFFS' RESPONSE IN OPPOSITION TO THE MOTION TO STRIKE THE AFFIDAVIT OF THOMAS ROBERT FOSTER AND ALL REFERENCES TO AND EVIDENCE OF DEFENDANT WILSON'S PRIOR CONDUCT

Plaintiffs, by and through their undersigned counsel, hereby file this response in opposition to Defendants' motion to strike from Plaintiffs' Opposition to Defendants' Motion for Summary Judgment the affidavit of Thomas Robert Foster and any reference to and evidence of Defendant Wilson's prior conduct. In support of their response, Plaintiffs provide the following information and assertions:

### Procedural Background

Although  the parties had ample opportunity to conduct written discovery, neither party chose to propound interrogatories, requests for documents or other written discovery. However, all remaining parties, including Plaintiff Thomas Robert Foster, attended their depositions on November 11, 2014. On December 15, 2014, Defendants moved for summary judgment, and Plaintiffs filed their response on February 4, 2015. Plaintiff's responseto the summary judgment motion  included the affidavit of Thomas Robert Foster (attachment #7) and made references to a prior ruling of the Court in the case of *United States v. Mason Weaver,* Case No. 02-CR-00491-

AMD. (See attachment # 13, excerpts of a Maryland Court of Special Appeals ruling in *Sivells v. State*, 9 A.3d 123, 129-130 (2010).

Defendants now move to strike the affidavit of Thomas Robert Foster ("Foster, Jr.) as well as any future reference to the Court's ruling and commentary in *U.S. v. Weaver*.

## ARGUMENT

### The motion to strike the affidavit must be denied.

Under F.R.C.P. 56(e)(1), a court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits. F.R.C.P. 56(e)(2) provides: "*Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.*"

In resolving a rule 56(e) motion to strike an affidavit, courts use a "scalpel, not a butcher knife." *See Perez v. Volvo Car Corp.*, 247 F.3d 303, 315-316 (1st Cir. 2001). Only those improper portions of an affidavit are disallowed; all properly stated facts are allowed. *See Id., Hollander v. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999), *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 962 (4th Cir. 1996).

During his deposition, Plaintiff Foster, Jr. fully cooperated with the deposition process. However, he invoked his 5th Amendment privilege against self- incrimination when he was asked the following specific questions:

1) "So you never sold marijuana?" (pg. 12, line 13);

2) "Were you selling marijuana at that time?" (pg. 18, lines 7-8);

3) "Did you have marijuana in your home?" (pg. 18, lines 13-14);

4) "On the afternoon of the incident, did you leave your home in order to make a drug sale?" (pg. 18, line 20- pg. 19, line 1);

5) "So did you go up to an individual and make a hand-to-hand transaction?" (pg. 19, lines 7-9);

6) "So when officers attempted to pull you over, did you pull off?  (pg. 19, lines 15-17);

7) "Did you throw a black backpack bag out of your window?" (pg. 20, lines 2-4);

8) "Did that black bag contain marijuana and a scale used to measure marijuana?" (pg. 20, lines 10-12);

9)  "Did you bail out of your car and run away from your car?" (pg. 20, lines 17-19);

10) "On the date of the incident, did you, on foot, run away from the officers?" (pg. 21, lines 3-5);

11) "On the date of the incident, when you were detained by officers, were drugs and money found on your person? (pg. 21, lines 11-14);

12) "On the date of the incident, did you leave your two-year-old son home alone?" (pg. 22, lines 6-8).

Defendants ask this Court to strike Foster Jr.'s affidavit because he invoked his 5th Amendment privilege when  responding to these specific questions at his deposition. In support of their position, Defendants cite *In Re Edmond*, 934 f.2d 1304. In that case, Edmond had invoked his 5th Amendment privilege *throughout* discovery, refusing to submit to a deposition, thereby frustrating the discovery process.

First, Foster Jr. did not invoke his 5th Amendment  privilege as a means to purposely frustrate the discovery process. He fully cooperated during his deposition even though he had

been given no assurances or representations that the information obtained during the deposition would not be used against him at some future time.

More importantly, the line of questioning for which Foster Jr. invoked his privilege is not relevant to any genuine issue of material fact in this case. The key issues in this case are (1) whether Defendant Wilson falsified the information in his sworn statement of probable cause in his attempt to justify Foster, Jr.'s arrest; and (2) whether Defendant Wilson falsified the information in his sworn search and seizure warrant affidavit. In simpler terms, the key question is one of credibility. The material issue in this case is not whether Foster Jr. actually possessed or sold marijuana ran from police.

The key question is: were Defendants Wilson and Fisher in a position where they could observe Foster Jr. exit his front door *without* a black backpack bag in hands, but then observe him a few seconds later enter his car *with* the bag? Clearly, Foster Jr.'s affidavit directly contradicts Wilson's testimony that they were so positioned. Moreover, an examination of the surveillance video confirms that Defendants Wilson and Fisher were not in the position where they claimed to have been to observe Foster, Jr. leaving his home or entering his car. Indeed, Defendant Wilson testified at his deposition that he did not see Foster, Jr. exit his front door carrying a backpack bag.

**The motion to strike references to Defendant Wilson's prior conduct must be denied.**

Rule 405(b) of the Federal Rules of Evidence permits the introduction of specific instances of a person's conduct in cases in which character or a trait of character of a person is an essential element of a charge, claim or defense. Under Rule 608(b), specific instances of the conduct of a witness, for the purposes of attacking or supporting the witness' character for

truthfulness other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. However, in the court's discretion, if the evidence is probative of truthfulness or untruthfulness, it may be inquired into on cross examination of the witness concerning the witness' character for truthfulness or untruthfulness. Of equal importance, Rule 404(a) evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion except when the evidence relates to evidence of the character of a witness as provided in Rules 607, 608 and 609.

In the case *United States v. Mason Weaver,* Case No. 02-CR-00491-AMD, Defendant Thomas Wilson was found to have provided false testimony to the Court. In fact, the Court specifically declared, "I find that the . . . of the Affidavit to be a knowing lie. I also find the use of the term 'in a covert position' to be a knowing lie" . . . " I find Detective Wilson's testimony in that regard incredible. The government has not established it. It rejected it. I reject that testimony. I do not find it credible. I don't believe Detective Wilson saw what he claims he saw. I reject that testimony. I don't find it credible" . . . " Specifically, I find there's no way that Detective Wilson could have made the observations he claims he made . . . " The Court went on to state that it deemed Wilson's testimony to be implausible and incredibly presented. *See Sivells v. State,* 9 A.3d 123, 129-130 (2010).

Under the facts and circumstances inherent in this case, Plaintiffs make the references to this specific instance involving Detective Wilson, not to prove conformity, but as provided for pursuant to Rule 608, to prove truthfulness.

## CONCLUSION

For all the reasons stated herein, Defendants motion to strike the affidavit of Thomas Robert Foster and any reference to Defendant Wilson's prior conduct in the matter of *U.S. v. Weaver* must be denied.


Respectfully Submitted,


/s/_____
Robert L. Smith, Jr.
Fed Bar No. 024468
2317 North Charles Street
Baltimore, MD 21218
(410) 554-9022
rlsmithesq@verizon.net
Attorney for Plaintiffs


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of March 2015, a true and correct copy of the foregoing Response in Opposition to Defendants Motion to Strike was electronically sent via the Court's electronic filing system or mailed via first class mail to all counsel of record. a :

/s/_____
Robert L. Smith, Jr.

6